UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

MIKE A. MARINI;
    Plaintiff;

-vs-

EQUIFAX INFORMATION
SERVICES, LLC;
    Defendant.

Case No. 4:25-CV-13906-SDK-KGA

Hon. Shalina D. Kumar
Magistrate Judge: Kimberly G. Altman

## JOINT MOTION TO CONSOLIDATE CASES

For the reasons set forth in the accompanying brief in support, the parties jointly move to consolidate this case with the matter filed against Trans Union by Mr. Marini for purposes of discovery and request a status conference to discuss an appropriate order revising the schedule in this matter.

326250356v.1

Respectfully Submitted,

By: /s/ Ian B. Lyngklip
Ian B. Lyngklip P47173
**LYNGKLIP & ASSOCIATES,
CONSUMER LAW CENTER, PLC**
Attorney for Mike Marini
13751 W. 11 Mile Road
Oak Park, MI 48237
Ian@ConsumerLawyers.com
(248) 208-8864


By: */s/ Heather H. Sharp*
Heather H. Sharp
hsharp@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
*Counsel for Defendant
Equifax Information Services LLC*

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

MIKE A. MARINI;
    Plaintiff;

 -vs-

EQUIFAX INFORMATION
SERVICES, LLC;
    Defendant.

Case No. 4:25-CV-13906-SDK-KGA

Hon. Shalina D. Kumar
Magistrate Judge: Kimberly G. Altman

## BRIEF IN SUPPORT OF JOINT MOTION TO CONSOLIDATE CASES

Plaintiff Mike Marini ("Plaintiff") and Defendant Equifax Information Services, LLC ("Equifax"), by counsel and pursuant to Local Rule 42.1 and Fed. R. Civ. P. 42, move the Court to consolidate Civil Action Nos. 4:25-cv-13706-SDK-KGA, *Mike Marini v. TransUnion, LLC* (the "Trans Union Action") and 4:25-cv-13906-SDK-KGA, *Mike Marini v. Equifax Information Services LLC* (the "Equifax Action") into a single action going forward for purposes of discovery only, as the issue of consolidation for trial should be reserved for a later date.

Trans Union LLC ("Trans Union") likewise believes such consolidation is appropriate and will concurrently file the appropriate pleadings in its pending action.  Plaintiff and Equifax further move this Court to provide for

326250356v.1

a new scheduling conference in the consolidated case.   In support of their Motion, Plaintiff and Equifax respectfully state as follows:

### INTRODUCTION

Plaintiff Mike Marini originally filed the Equifax Action in this Court on December 5, 2025, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* in connection with the reporting of an allegedly fraudulent Capital One Bank ("Capital One") account, which was allegedly opened as the result of identity theft. *See generally* the Equifax Action, ECF No. 1. Plaintiff had previously filed a lawsuit against Trans Union in this Court on November 11, 2025, also alleging violations of the FCRA relating to the same Capital One account and the same alleged identity theft. *See generally* the Trans Union Action, ECF No. 1 and the Equifax Action, ECF No. 1.

Thus, the information provided by these overlapping third-parties will be at issue in both of the cases.   For purpose of judicial economy, Plaintiff and Equifax seek to consolidate the Trans Union and Equifax Actions into a single lawsuit for the purposes of discovery.

### STANDARD OF LAW

Under Rule 42(a)(2), a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate where the actions involve "a common question of law or fact."

326250356v.1

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "Whether cases present a common question of law or fact is only a threshold requirement; once a common question has been established, the decision to consolidate rests in the sound discretion of the district court." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567 (E.D. Michigan, Oct. 18, 2011). The Court should weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice," while exercising its discretion. *Id.* (citing *In re Consolidated Parlodel Litig..*, 182 F.R.D. 441, 444 (D.N.J. 1998)). The Court may weigh the balance by considering:

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burned on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Notably, "[i]t is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request." *Borden v. College*, Nos. 1:16-cv-519, 1:16-cv-520, 2016 U.S. Dist. LEXIS 137716, 2016 WL 5791649, at *1 (S.D. Ohio Oct. 4, 2016)

<u>**ARGUMENT AND AUTHORITIES**</u>

1.     <u>**Consolidation Is Appropriate Because The Lawsuits Involve Overlapping Legal Issues, And Related Factual Scenarios.**</u>

Here, consolidation is appropriate because each separately-filed case involves common questions of law and fact. All cases stem from a single fraudulent Capital One account that was charged off and subsequently disputed with Equifax, and Trans Union. *See generally* the Trans Union Action, ECF No. 1, and the Equifax Action, ECF No. 1. The Complaints therefore allege similar facts.

Additionally, each of the Complaints allege the same causes of action: that defendants Trans Union, and Equifax negligently or willfully violated § 1681e(b) (reasonable reporting procedures), § 1681i (reasonable reinvestigation procedures), and § 1681c-2 (blocking of information resulting from identity theft) of the FCRA. *See generally id.*

2.     <u>**Consolidation Is Appropriate Because The Lawsuits Involve Common Questions Of Law Or Fact.**</u>

Consolidation would permit for shared discovery, as opposed to duplicative subpoenas, not only to the third-party furnishers, but also potentially to the other consumer reporting agencies.

When making a consolidation determination, a court's paramount considerations are fairness and impartiality, and this Court maintains "considerable discretion in determining whether to consolidate cases.

*Cantrell* 999 F.2d at 1011. In each case, Plaintiff seeks actual and punitive damages, and any other relief deemed appropriate by this Court. *See generally* the Trans Union Action ECF No. 1, and the Equifax Action ECF No. 1.  Consolidating these matters serves to ensure fairness and impartiality because Plaintiff's claims are similar.

Indeed, in each action, the ultimate issues are: (1) whether Plaintiff can demonstrate that the subject account was inaccurately reporting, and (2) whether Plaintiff can demonstrate that Defendants negligently or willfully failed to maintain reasonable reporting procedures or negligently or willfully failed to conduct reasonable reinvestigations after receiving Plaintiff's disputes.

The cases should therefore be consolidated because the questions of law and fact are similar.

**3.** **<u>Consolidation Is Appropriate Because The Balance Of Costs And Benefits Weigh In Favor Of Consolidation.</u>**

Consolidation poses little risk of prejudice or confusion.   In each case, Plaintiff asserts claims that arise from or relate to Plaintiff's dispute letters and the defendants' reporting and reinvestigation of the Capital One account. Therefore, potential witnesses and documentary evidence in these actions will be similar. Consolidating these actions avoids substantial duplication of effort and saves significant amounts of time for all parties and the Court.

326250356v.1

Without consolidation, the service of and responses to three separate sets of written discovery requests, separate and duplicative depositions in each of the three separate cases, potential resolution of discovery disputes related thereto, preparation of three separate expert reports and the conducting of depositions related thereto, along with preparation and resolution of at least three separate motions for summary judgment and scheduling, coordinating and conducting three separate trials. Indeed, without consolidation, Plaintiff will be required to sit for three separate depositions; consolidation would necessitate a single deposition.

Accordingly, consolidation is warranted because it will simplify this litigation process, limit duplicative efforts and conserve judicial resources.

## **CONCLUSION**

For the foregoing reasons, Plaintiff and Equifax respectfully request that this Court grant their Motion to Consolidate Cases pursuant to Federal Rule of Civil Procedure 42(a), consolidate each separately pending action into this matter as to discovery only, order a new scheduling conference in the consolidated case, and grant such other and further relief as this court deems just and proper.

326250356v.1

Dated: May 29, 2026

Respectfully Submitted,

By:   /s/ Ian B. Lyngklip
Ian B. Lyngklip P47173
**LYNGKLIP & ASSOCIATES,**
**CONSUMER LAW CENTER, PLC**
Attorney for Mike Marini
13751 W. 11 Mile Road
Oak Park, MI   48237
Ian@ConsumerLawyers.com
(248) 208-8864


By:     */s/ Heather H. Sharp*
Heather H. Sharp
hsharp@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia   30309-3958
Telephone:   (404) 885-1500
Facsimile:   (404) 892-7056
*Counsel for Defendant*
*Equifax Information Services LLC*

326250356v.1